UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| **GWENDOLYN PITRE**<br>**AND KENNETH PITRE** | **CIVIL ACTION** |
| **VERSUS** | |
| **CREEKSTONE MANAGEMENT,**<br>**LP, ET AL** | **NO. 07-540-C-M2** |

### NOTICE

Please take notice that the attached Magistrate Judge's Report has been filed with the Clerk of the United States District Court.

In accordance with 28 U.S.C. § 636(b)(1), you have 10 days from the date of service of this Notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  The failure of a party to file written objections to the proposed findings, conclusions, and recommendation contained in a Magistrate Judge's Report and Recommendation within 10 days after being served with a copy of the Report shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions of the Magistrate Judge that have been accepted by the District Court.

**ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

Signed in chambers in Baton Rouge, Louisiana, September 21, 2007.

**MAGISTRATE JUDGE CHRISTINE NOLAND**

UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

**GWENDOLYN PITRE**                                          **CIVIL ACTION**
**AND KENNETH PITRE**

**VERSUS**

**CREEKSTONE MANAGEMENT,**                     **NO. 07-540-C-M2**
**LP, ET AL**

### MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the Court on the Motion to Remand (R. Doc. 5) filed by plaintiffs, Gwendolyn Pitre and Kenneth Pitre (collectively "plaintiffs"). Defendants, Creekstone Management, LP; Zurich American Insurance Company; and Whole Food Company, Inc. (collectively "defendants"), have not filed oppositions to this motion.

### FACTS & PROCEDURAL BACKGROUND

On June 28, 2007, plaintiffs filed suit against defendants in the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana. Based upon evidence submitted with the plaintiffs' motion to remand, it appears that the petition was served on Zurich American Insurance Company, through the Secretary of State, on July 5, 2007, and on Whole Food Company, Inc. ("Whole Food"), through CT Corporation, on July 3, 2007. Service was returned "Due and Diligent" relative to Creekstone Management LP ("Creekstone") on July 12, 2007.

On August 1, 2007, Steadfast Insurance Company ("Zurich/Steadfast") filed a Notice of Removal, removing the case to this Court and stating that it had been "incorrectly referred to in the Petition as 'Zurich American Insurance Company'." Steadfast also filed

1

an answer to plaintiff's petition and admitted to its status as a foreign insurance company authorized to do and doing business in the State of Louisiana. The plaintiffs have now filed the present motion to remand, seeking to have this matter remanded to the 19th Judicial District Court because the Notice of Removal is defective since all served defendants did not join in the removal within thirty (30) days of service on the first defendant. The motion to remand is timely as it was filed within thirty (30) days of the filing of the Notice of Removal in accordance with 28 U.S.C. §1447(c).

## **LAW & ANALYSIS**

Local Rule 7.5M of the Middle District of Louisiana requires that memoranda in opposition to a motion be filed within twenty (20) days after service of the motion. The rule specifically provides:

> LR7.5M    Response and Memorandum
>
> Each respondent opposing a motion shall file a response, including opposing affidavits, memorandum, and such supporting documents as are then available, within 20 days after service of the motion. Memoranda shall contain a concise statement of the reasons in opposition to the motion, and a citation of authorities upon which the respondent relies. For good cause appearing therefor, a respondent may be required to file a response and supporting documents, including memoranda, within such shorter or longer period of time as the court may order, upon written ex parte motion served on all parties.

The present motion to remand was filed on August 29, 2007, and the certificate of service indicates that a copy of the motion was transmitted electronically, via the Court's electronic filing system, to all counsel of record who participate in such system on that same date. The certificate of service further indicates that the motion was also mailed through the U.S. Postal Service on that date to counsel who are not participants in the Court's electronic

filing system. Even allowing for slow mail travel, more than twenty (20) days have elapsed since the service of the motion, and none of the defendants have filed an opposition. The motion is therefore deemed unopposed. In addition to the motion being unopposed, the Court finds that the motion has merit and should therefore be granted.

Pursuant to 28 U.S.C. §1446(b), a notice of removal of a civil action or proceeding shall be filed within thirty (30) days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty (30) days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter. 28 U.S.C. §1446(b). Additionally, the Fifth Circuit Court of Appeal has interpreted §1446(b) to require that all served defendants must join in the removal petition no later than thirty (30) days from the day on which the first defendant is served (provided the case is then removable) in cases involving multiple defendants. *Getty Oil Corp., a Div. of Texaco, Inc. v. Insurance Co. of North America*, 841 F.2d 1254, 1262-1263 (5th Cir. 1988). Furthermore, in order to join in the removal, a defendant, or some person or entity purporting to formally act on its behalf, must timely file a "written indication" in the record that it has "actually consented" to the removal, even though it need not sign the original notice of removal itself. *Id.*

In the present case, at least two defendants were properly served prior to removal of this action by Zurich/Steadfast. As noted above, Zurich/Steadfast was served on July 5, 2007, and Whole Food was served on July 3, 2007. Zurich/Steadfast filed the Notice of Removal on August 1, 2007, within thirty (30) days of the first-served defendant, Whole

Food, being served.  However, Whole Food did not join in the notice of removal or otherwise file a written indication of its consent to the removal within thirty (30) days of its being served on July 3, 2007.  Accordingly, Zurich/Steadfast's Notice of Removal is defective under §1446(b) and *Getty*, and this case should be remanded to the 19th Judicial District Court for further proceedings.

## RECOMMENDATION

For the above reasons, it is recommended that the Motion to Remand (R. Doc. 5) filed by plaintiffs, Gwendolyn Pitre and Kenneth Pitre, should be **GRANTED** and that this matter should be remanded to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana, for further proceedings.

Signed in chambers in Baton Rouge, Louisiana, September 21, 2007.

_____
**MAGISTRATE JUDGE CHRISTINE NOLAND**